

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 9, 2016

Mr. Allen Cline
Chairman
Texas State Board of Acupuncture Examiners
Post Office Box 2018
Austin, Texas 78768-2018

Opinion No. KP-0082

Re: Whether licensed physical therapists are authorized to practice trigger point dry needling (RQ-0068-KP)

Dear Mr. Cline:

You explain that there has been disagreement between the Board of Acupuncture Examiners and the Board of Physical Therapy Examiners about "whether dry needling [is] authorized under the scope of the Physical Therapy Act."[1] Because the two boards have been unable to resolve this disagreement independently, you have requested an attorney general opinion seeking clarification. *See* Request Letter at 2.[2]

Your literal questions ask whether "trigger point dry needling" is the practice of acupuncture, and, in turn, whether physical therapists may practice acupuncture. *See id.* at 1. As phrased, your questions assume that the scope of practice of physical therapy and the scope of practice of acupuncture are mutually exclusive; however, overlap between the scopes of practice of acupuncture and physical therapy may exist. *See* Tex. Att'y Gen. Op. No. DM-443 (1997) at 1–3 (recognizing that the scopes of practice of physical therapy and medicine overlap with regard to a procedure called needle electromyography). The statutes governing both acupuncture and physical therapy expressly state that they do not apply to a health care professional licensed under another statute of this state and acting within the scope of that license. TEX. OCC. CODE §§ 205.003(a) (governing acupuncture), 453.004(a) (governing physical therapy). The substance of your request asks for a determination about whether physical therapists may perform trigger point dry needling, not whether acupuncturists may perform the procedure. *See* Request Letter at

---

[1] *See* Letter from Mr. Allen Cline, Chairman, Tex. State Bd. of Acupuncture Exam'rs, to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (Nov. 9, 2015) ("Request Letter"), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs.

[2] The dispute is not unique to Texas. Multiple attorneys general from other states have addressed this same question with regard to the acupuncture and physical therapy laws in their respective states, and some state legislatures have resolved the dispute by statute. *See, e.g.*, Tenn. Att'y Gen. Op. No. 14-62 (2014) at 2; Ky. Att'y Gen. Op. No. 13-010 (2013) at 5; Miss. Att'y Gen. Op. No. 2012-00428 (2012) at 4–5; 95 Md. Att'y Gen. Op. No. 138 (2010) at 8; *see also* UTAH CODE § 58-24b-505(1) ("A physical therapist may practice trigger point dry needling if" certain prerequisites are fulfilled.).

2–3. It is therefore necessary to answer your questions by analyzing the scope of practice of physical therapy rather than the scope of practice of acupuncture.

As a threshold matter, it is necessary to define the term "trigger point dry needling." Trigger point dry needling is not expressly included in either the statutory or regulatory definitions of physical therapy. The American Physical Therapy Association defines trigger point dry needling, also sometimes referred to as "dry needling" or "intramuscular manual therapy," as the use of "a thin filiform needle to penetrate the skin and stimulate underlying myofascial trigger points, muscular, and connective tissues for the management of neuromusculoskeletal pain and movement impairments."[3] The American Academy of Medical Acupuncture similarly describes dry needling as "the use of solid needles (contrasted with the use of hollow hypodermic needles that are used for injections) to treat muscle pain by stimulating and breaking muscular knots and bands."[4] While their phrasing differs to some extent, these organizations appear to agree that trigger point dry needling involves the use of needles to treat muscular pain.

We next analyze whether the practice of trigger point dry needling falls within the scope of physical therapy. "Physical therapy" is defined by the Legislature as "a form of health care that prevents, identifies, corrects, or alleviates acute or prolonged movement dysfunction or pain of anatomic or physiologic origin." TEX. OCC. CODE § 453.001(6). The practice of physical therapy includes "treatment . . . to reduce the incidence or severity of disability or pain to enable, train, or retrain a person to perform the independent skills and activities of daily living." *Id.* § 453.005(b)(3). The Legislature has also authorized the Board of Physical Therapy Examiners (the "Board") to adopt rules necessary to regulate the practice of physical therapy. *Id.* §§ 453.052 (authorizing the Board to regulate the practice of physical therapy), .102(a) (authorizing the Board to adopt rules). Pursuant to that authority the Board has further defined physical therapy to include the "utilization of exercises, rehabilitative procedures, massage, manipulations, and physical agents including, but not limited to, mechanical devices, heat, cold, air, light, water, electricity, and sound in the aid of diagnosis and treatment." 22 TEX. ADMIN. CODE § 321.1(15). Those definitions are broad in scope and encompass numerous methods and procedures that a physical therapist may use in practice. Under section 453.303, the Legislature has expressly prohibited the use of certain agents in the practice of physical therapy. *See* TEX. OCC. CODE § 453.303 (prohibiting roentgen rays or radium and electricity in certain instances). The Legislature could have, but has not, included needles in this list of prohibited items.

Based on the broad definitions of physical therapy established by the Legislature and the Board, the Board has concluded that "dry needling is within the scope of practice of a Texas physical therapist."[5] Consistent with this conclusion, it has approved forty-one post-graduate dry

---

[3]Am. Physical Therapy Ass'n, *Physical Therapists & the Performance of Dry Needling* 2 (Jan. 2012), www.apta.org/StateIssues/DryNeedling/.

[4]Am. Acad. of Med. Acupuncture, *Policy on Dry-Needling* (Dec. 9, 2014) (attached as Exhibit A to Request Letter) (on file with the Op. Comm.).

[5]Letter from Gary Gray, Chairman, Tex. Bd. of Physical Therapy Exam'rs, to Honorable Ken Paxton, Tex. Att'y Gen. at 7 (Dec. 10, 2015) (on file with the Op. Comm.) ("Bd. of Physical Therapy Brief").

needling courses as meeting the standards for continuing competence for physical therapists. Bd. of Physical Therapy Brief at 7; *see* 22 TEX. ADMIN. CODE § 341.2 (requiring licensed physical therapists to complete continuing competence requirements).

The Legislature has vested the Board with authority to "regulate the practice of physical therapy in this state." TEX. OCC. CODE § 453.052. When such statutory authority exists, this office has often deferred to the determinations made by boards regulating health professions as to what constitutes the scope of the practice they regulate, but a regulating board may not adopt a rule that enlarges the scope of practice of the profession beyond what the statute permits.[6] If a board adopts a scope of practice that "is inconsistent with state law regulating" that practice, the regulating board will have acted beyond its authority. Tex. Att'y Gen. Op. No. JC-0441 (2001) at 3 (concluding that the Board of Podiatric Medical Examiners exceeded its authority by enlarging the practice of podiatry beyond the language of the statute).

Based on the definitions discussed above, trigger point dry needling is a "treatment . . . to reduce the incidence or severity of . . . pain to enable . . . a person to perform the independent skills and activities of daily living," and it therefore likely falls within the Legislature's broad definition of physical therapy. TEX. OCC. CODE § 453.005(b)(3). Furthermore, it would seem consistent with the Board's rules to conclude that trigger point dry needling involves the "utilization of . . . physical agents . . . in the aid of diagnosis or treatment." 22 TEX. ADMIN. CODE § 321.1(15).[7] Thus, a court would likely conclude that the Board of Physical Therapy Examiners has authority to determine that trigger point dry needling is within the scope of practice of physical therapy.[8]

---

[6]*See* Tex. Att'y Gen. Op. Nos. JC-0379 (2001) at 1, DM-443 (1997) at 2, DM-423 (1996) at 4, n.1.

[7]You submit that physical therapists should not be authorized to practice trigger point dry needling because it involves "the use of acupuncture needles," which you suggest may only be used by persons legally authorized to practice acupuncture. Request Letter at 3. This office previously addressed a similar argument concerning the use of acupuncture needles by chiropractors and noted that while federal law may restrict the use of acupuncture needles to practitioners licensed by state law to use such devices, it does not "prescribe who may be licensed by a state to use the device." Tex. Att'y Gen. Op. No. DM-471 (1998) at 2 (concluding that the practice of acupuncture is not excluded from the scope of practice of a licensed chiropractor); *see also* Tex. Att'y Gen. Op. No. DM-443 (1997) at 3 (concluding that the decision of the Board of Physical Therapy Examiners that needle electromyography is within the scope of practice of a licensed physical therapist is a reasonable one).

[8]A number of attorneys general from other states have likewise concluded that their own state laws are broad enough to enable their respective physical therapy regulatory boards to determine that the scope of practice of physical therapy includes trigger point dry needling. *See, e.g.*, Ky. Att'y Gen. Op. No. 13-010 (2013) at 5, 8 ("we agree with the Board of Physical Therapy that the definition in KRS 327.010(1) is broad enough to include 'dry needling' by a physical therapist"); Miss. Att'y Gen. Op. No. 2012-00428 (2012) at 5 ("statutes regarding the definitions of acupuncture . . . cannot be used to interfere with or limit physical therapists who are performing IMT or dry needling under the licensing authority of the Physical Therapy Board"); 95 Md. Att'y Gen. Op. No. 138 (2010) at 1, 13 ("the Physical Therapy Board may determine that dry needling is within the scope of practice of physical therapy"); *but see* Tenn. Att'y Gen. Op. No. 14-62 (2014) at 2 ("[L]egislation would be necessary in order to bring dry needling within the scope of the practice of physical therapy.").

## S U M M A R Y

A court would likely conclude that the Board of Physical Therapy Examiners has authority to determine that trigger point dry needling is within the scope of practice of physical therapy.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee